IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


ADAM KNOLL,                                             Civ. No. 6:25-cv-00671-AA

                              Plaintiff,        **OPINION & ORDER**

              v.

MICHAEL B. WYNHAUSEN;
LINDY RAE PYLE; TODD GRAY;
KATHY,

                              Defendants.
_____

AIKEN, District Judge.

 Self-represented Plaintiff Adam Knoll seeks leave to proceed *in forma pauperis* ("IFP") in this action. For the reasons below, Plaintiff's IFP Petition, ECF No. 1, is DENIED, and the Complaint, ECF No. 2, is DISMISSED with leave to amend. Plaintiff shall have thirty days from the date of this order in which to file an amended complaint.

## LEGAL STANDARD

 Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make

two determinations.  First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1).  Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

As to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim.  Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  The court need not accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* or self-represented pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  That is, the

court should construe pleadings by self-represented plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, self-represented litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Plaintiff failed to complete and submit the IFP application and instead submitted a declaration that he is currently unemployed and that his monthly expenses are $2,500. The Court needs more information to make an IFP determination. Plaintiff's IFP petition is denied.

In his Complaint, Plaintiff alleges claims under 42 U.S.C. §§ 1983, 1985, and 1988 against Linn County Circuit Court Judge Michael B. Wynhausen, Prosecuting Attorney Lindy Rae Pyle, Todd Gray, and Clerk of Linn County Circuit Court, "Kathy." Plaintiff alleges violations of his due process rights, "retaliation for exercising his constitutional rights, civil rights conspiracy, and failure to act, malicious prosecution, and procedural suppression."

Plaintiff alleges that he was improperly subpoenaed to Linn County Court on Thanksgiving Day 2024, and that "[he] complied with the subpoena and appeared at the courthouse that day, but found no staff, judge, or personnel present." Plaintiff Decl., Ex. 1, ECF No. 2-1. Plaintiff alleges that on March 24, 2025, the Linn County Circuit Court issued a "[c]itation to appear . . . without notice" that was "discovered

during a Target job background check." Plaintiff Decl. Ex. 2 at 3, ECF No. 2-2. Plaintiff filed a letter from Target dated April 11, 2025, which states "we will not be able to offer you employment at this time. . . . Our decision was based on . . . information contained in your consumer report[.]" The letter refers to Plaintiff's "criminal background." Plaintiff Decl. Ex. 2 at 16.

Plaintiff also filed (1) a screenshot of "Subpoena Held in Photo[,]" Ex. 2 at 12; (2) "Screenshot of Cease Contact Notice sent to DOJ Representative Todd Gray[,] which is a text message, Ex. 2 at 13; (3) a screenshot of "Text Message Response from DOJ," Ex. 2 at 14; (4) two screenshots labeled "Surveillance Image," that Plaintiff alleges is DOJ Agent Gray surveilling Plaintiff's house, Ex. 2 at 15–18; (5) "Transcript of Voicemail from DOJ Agent Todd Gray," Ex. 2 at 19–20; (6) Letter from Plaintiff to Oregon Commission on Judicial Fitness and Disability stating a "complaint regarding a judge of the Linn County Circuit Court . . . who has explicitly refused to rule on valid, properly filed motions in my pending case[,]" Ex. 2 at 21–22; (7) Letter from Plaintiff to Oregon State Bar "submitting a formal complaint against Deputy District Attorney Lindy Rae Pyle" for "unethical and improper prosecutorial conduct in connection with [Plaintiff's] case[,]" Ex. 2 at 22; (8) a civil rights complaint filed by Plaintiff with DOJ "oulin[ing] serious constitutional violations committed by officers of the court, prosecutors, and government agents against [Plaintiff]," Ex. 2 at 23.

Under Federal Rule of Civil Procedure 8, a Complaint must allege sufficient factual allegations "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[A] plaintiff's obligation to provide the

grounds of his entitlement to relief requires more than labels and conclusions[.]" *Id.* at 555 (internal quotation marks and citation omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

Here, even though Plaintiff has filed many exhibits, Plaintiff does not allege sufficient facts for the Court to understand the nature of his constitutional claims. Further, Plaintiff fails to instruct the Court as to the purpose of each exhibit. *See VR School v. California Dep't of Educ.*, No. 23-cv-06286-SI, 2024 WL 5431354 (N.D. Cal. Sep. 20, 2024) ("Although plaintiff may attach further documentation if he wishes, the Court will not engage in guesswork by picking through plaintiff's numerous exhibits to try to divine which facts plaintiff believes support which claims."). For this reason, Plaintiff's Complaint is denied with 30 days leave to amend.

**CONCLUSION**

For the above reasons, Plaintiff's IFP petition, ECF No. 1, is DENIED, and his Complaint, ECF No. 2, is DISMISSED without service on Defendants.  Dismissal is with leave to amend, and Plaintiff shall have thirty days from the date of this Order to file an amended complaint.  Plaintiff is advised that failure to file an amended complaint within the allotted time will result in entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this ___13th____ day of May 2025.


 /s/Ann Aiken
ANN AIKEN
United States District Judge